```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
ILAN ABRAHAM, et al.,

                    Plaintiffs,
     -against-                          MEMORANDUM AND DECISION
                                        09-CV-2096 (JS)(MLO)
ENTREPRENEUR MEDIA, INC.,

                    Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiffs:     Eliot F. Bloom, Esq.
                    114 Old Country Road, Suite 308
                    Mineola, NY 11501

For Defendant:      Richard Eskew, Esq.
                    Steven B. Pokotilow, Esq.
                    Stroock & Stroock & Lavan LLP
                    180 Maiden Lane
                    New York, NY 10038
```

SEYBERT, District Judge:

Defendant Entrepreneur Media, Inc. ("Entrepreneur") has moved to dismiss Plaintiffs' Complaint. For the foregoing reasons, that motion is GRANTED.

BACKGROUND

Plaintiffs are a group of individual investors who, prior to January 2009, had invested in Agape World, Inc. ("Agape"). (Compl. ¶ 1). Entrepreneur is an online and print business publication that covers small businesses. (Compl. ¶ 4).

In May 2008, Entrepreneur published its annual "Hot 100" list of fast-growing American companies. (Compl. ¶ 4). This list included Agape. (Compl. ¶ 5). In January 2009, Agape was publicly revealed to be a Ponzi scheme. (Compl. ¶ 11). As a result, Plaintiffs lost a significant portion of their investment in Agape.

(Compl. ¶ 12).

Plaintiffs allege that Entrepreneur's inclusion of Agape in its "Hot 100" list was grossly negligent. According to Plaintiffs, Entrepreneur included Agape on its "Hot 100" list solely based on positive financial information that Agape conveyed. (Compl. ¶¶ 5-6). Plaintiffs claim that Entrepreneur made no effort to verify this information, never visited Agape's headquarters, never met with Agape's principals, and never reviewed Agape's books and records. (Compl. ¶ 6). Plaintiffs proffer that, if Entrepreneur acted "with a minimum of due diligence" it would have discovered that Agape supplied it with false information, and would have concluded that Agape was not eligible for the "Hot 100" list. (Compl. ¶ 7). Plaintiffs thus assert a single cause of action: gross negligence.

DISCUSSION

I. <u>Standard of Review on Motions to Dismiss</u>

In deciding motions to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

II. Plaintiffs Fail to State a Claim

Entrepreneur argues that Plaintiffs fail to state a claim, because, under New York law, a magazine publisher owes no duty of care to subscribers or readers, and thus cannot be found liable for negligently publishing non-defamatory misstatements. Entrepreneur is unquestionably correct.[1] Indeed, New York courts

---

[1] See, e.g., First Equity Corp. of Florida v. Standard & Poor's Corp., 869 F.2d 175, 179 (2d Cir. 1989) (investment newsletter owed no duty of care to subscribers and thus lacked liability for negligent misrepresentations concerning a security); Stoianoff v. Gahona, 248 A.D.2d 525, 526-527, 670 N.Y.S.2d 204, 205 (2d Dep't 1998); Lacoff v. Buena Vista Pub., Inc., 705 N.Y.S.2d 183, 192 (N.Y. Sup. Ct., N.Y. County 2000) ("Plaintiffs' allegations fail to state a claim, because defendants have no duty to investigate the accuracy of the contents of the book they published."); Daniel v. Dow Jones & Co., Inc., 520 N.Y.S.2d 334, 335 (N.Y.C. Civ. Ct. 1987); see also McMillan v. Togus Regional Office, Dept. of Veterans Affairs, 120 Fed. Appx. 849, 852 (2d Cir. 2005) ("In the absence of fraud or a special relationship . . . publishers owe no duty of due care to readers or to the public at large. No cause of action therefore arises (absent fraud) even if published information is false and the falsity results in injury to the plaintiff when the plaintiff, like McMillan, is merely a reader or member of the public.").

have uniformly held this way for 88 years.[2] And so have the courts of numerous other jurisdictions.[3]

In opposition, Plaintiffs present no response at all. Plaintiffs do not address Entrepreneur's argument that New York law bars their cause of action. Indeed, Plaintiffs do not cite a <u>single</u> case concerning either New York law or the common law of negligence. Instead, Plaintiffs: (1) complain that they have "not been afforded the opportunity to conduct discovery"; (2) contend that Entrepreneur's motion is actually one for summary judgment because it concerns "questions of fact"; and (3) seek a "continuance" so that they may take discovery.

Plaintiffs' argument is frivolous. Plaintiffs are not entitled to discovery because, even if everything they pled is true, New York law simply does not permit their cause of action. Indeed, the very point of a motion to dismiss is to shield defendants from having to proceed with discovery when a complaint's allegations fail to state a legally cognizable claim.

Similarly, Plaintiffs' contention that Entrepreneur has actually moved for summary judgment displays a complete ignorance

---

[2] <u>See</u>, <u>e.g.</u>, <u>Jaillet v. Cashman</u>, 189 N.Y.S. 743, 744 (N.Y. Sup. Ct., N.Y. County 1921).

[3] <u>Winter v. G.P. Putnam's Sons</u>, 938 F.2d 1033, 1036 -1037 (9th Cir. 1991) (California law); <u>Gutter v. Dow Jones, Inc.</u>, 490 N.E.2d 898, 902 (Ohio 1986) (Ohio law); <u>Gorran v. Atkins Nutritionals, Inc.</u>, 464 F. Supp. 2d 315, 325-26 (S.D.N.Y. 2006) (applying Florida law).

4

of federal practice.  Plaintiffs appear to derive this argument from Entrepreneur's decision to include the actual text from the Agape "Hot 100" list entry within its motion to dismiss papers. But, even on a motion to dismiss, Entrepreneur was wholly within its rights to do so.  Plaintiffs' allegations depend upon the allegedly false information contained in the Agape "Hot 100" list entry.  Thus, Plaintiffs have incorporated this entry into their Complaint by reference.  And, consequently, the Court is entitled to take judicial notice of it even on a motion to dismiss.  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).[4]

III. Rule 11

Under Fed. R. Civ. P. 11(b)(2), an attorney who files pleadings in federal court is presumed to certify that the pleading's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Here, as discussed above, Plaintiffs' claims lack any basis in existing law.  That being said, the issuance of sanctions under Rule 11 is discretionary.  And, in its discretion, the Court elects not to impose sanctions here.  But Plaintiffs' counsel is warned that, should he file another frivolous pleading in this

---

[4] Because the Court finds that the Complaint fails to state a claim, the Court does not reach Defendant's argument that the First Amendment protected its publication of information about Agape.

5

Court again, the Court may exercise its discretion differently.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is ordered to mark this matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November 17, 2009